UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| FRED P. BALSAMO,<br>    Plaintiff,<br><br>V.<br><br>CATHY FINKLE, et al.,<br>    Defendants. | CIVIL ACTION NO.<br>3:06-CV-1325 JCH<br><br>May 17, 2007 |

**RULING RE: FINKLE'S MOTION TO DISMISS (Doc. No. 35)**

Fred P. Balsamo has filed a Complaint against defendants Cathy Finkle, John Finkle, Thomas S. Hennessey, and the East Haven Board of Education, alleging intentional and negligent infliction of emotional distress under Connecticut state law, as well as a violation of his substantive due process rights under the Fourteenth Amendment to the United States Constitution, as enforced through sections 1983 and 1988 of Title 42 of the United States Code. Cathy Finkle has moved to dismiss the intentional and negligent infliction of emotional distress claims against her pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the court denies Finkle's Motion to Dismiss (Doc. No. 35).

**I.   STANDARD OF REVIEW**

In deciding a motion to dismiss, the court takes the allegations of the Complaint as true and construes them in a manner favorable to the plaintiff. Hoover v. Ronwin, 466 U.S. 558, 587 (1984); see Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds,

Davis v. Scherer, 468 U.S. 183 (1984). The court must draw all reasonable inferences in the plaintiff's favor. See, e.g., Yung v. Lee, 432 F.3d 132, 146 (2d Cir. 2005) (discussing Rule 12(b)(6) motion to dismiss).

A motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), tests only the adequacy of the complaint. United States v. City of New York, 359 F.3d 83, 87 (2d Cir. 2004). A Rule 12(b)(6) motion can be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Such a motion cannot be granted simply because recovery appears remote or unlikely on the face of a complaint. Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Id. (quotation omitted). The complaint need only provide notice to the other party of the basis of the claim. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 514 (2002). However, "bald assertions and conclusions of law will not suffice" to meet this pleading standard. Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).

## II.   FACTS

Balsamo is the Director of Athletics for the East Haven Public Schools, a position he has held for many years. Cathy Finkle is a private citizen who resides in East Haven, Connecticut. Cathy Finkle is married to John Finkle, the President of the East Haven Board of Education.[1]

Between March 19, 2004 and April 8, 2004, Cathy Finkle telephoned Balsamo's

---

[1] All further references to "Finkle" in this opinion will be to Cathy Finkle.

office on numerous occasions expressing anger that her son had not been elected captain of the hockey team. During these calls, Finkle also criticized, belittled, and ridiculed the other players on the hockey team. In April 2004, Finkle telephoned Balsamo in anger to protest the fact that her son had played in the outfield, rather than third base, during one of two back-to-back Junior Varsity baseball games. Finkle informed Balsamo the purpose of her call was to send a message that, if her son was not allowed to play third base in the next baseball season, the Baseball Coach would lose his job. Finkle concluded the call by warning, "You better not fuck my kid!"

On October 29, 2004, Finkle again telephone Balsamo at his office, but said nothing and hung up. Finkle called again, this time subjecting Balsamo to a tirade concerning the fact that her son had not been made captain of either the hockey or baseball team. Finkle leveled harsh criticism on all of the coaches who worked under Balsamo and the other students who played on her son's hockey and baseball teams. This tirade continued for approximately forty-five minutes.

Sometime on the evening of November 2, 2004, Finkle confronted Balsamo at the end of a volleyball tournament game at East Haven High School Gym. In front of several hundred onlookers, Finkle screamed at Balsamo, "Why didn't you let Jordan Vollono play? You suck, you asshole! You better fix this!"

### III.   DISCUSSION

####   A.   Intentional Infliction of Emotional Distress

In order to sustain a claim for intentional infliction of emotional distress under Connecticut law, a plaintiff must prove: "(1) that the actor intended to inflict emotional

distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe." Appleton v. Bd. of Educ. of the Town of Stonington, 254 Conn. 205, 210 (2000) (citations omitted). Whether the defendant's conduct was extreme and outrageous is initially a question for the court to address. See id. "Only where reasonable minds disagree does it become an issue for the jury." Id.

To be extreme and outrageous, the defendant's conduct must exceed "all bounds usually tolerated by decent society . . . ." See id. (quotation omitted). In fact:

> [l]iability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

Id. (quoting RESTATEMENT (SECOND) OF TORTS § 46 cmt. d, 73 (1965)).

Connecticut courts have held that "insults, verbal taunts, threats, indignities, annoyances, petty oppressions, or conduct that displays bad manners or results in hurt feelings, do not support a claim for intentional infliction of emotional distress." Miner v. Town of Cheshire, 126 F. Supp. 2d 184, 195 (D. Conn. 2000) (citations omitted)

Finkle argues that Balsamo's allegations supporting his intentional infliction of emotional distress claim are legally insufficient because, in light of contemporary standards of social decency, Finkle's alleged behavior cannot be considered outrageous. However, taking the facts alleged by Balsamo as true, the court cannot

4

conclude at this stage of the case that Balsamo will be unable to prove a set of facts entitling him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Finkle's motion to dismiss on this ground is therefore denied.

### B. Negligent Infliction of Emotional Distress

The elements of negligent infliction of emotional distress include: (1) the defendant's conduct created an unreasonable risk of causing the plaintiff emotional distress; (2) the plaintiff's distress was foreseeable; (3) the emotional distress was severe enough that it might result in illness or bodily harm; and (4) the defendant's conduct was the cause of the plaintiff's distress. Carrol v. Allstate Ins. Co., 262 Conn. 433, 444 (2003). Connecticut law does not require extreme and outrageous conduct to establish a claim of negligent infliction of emotional distress. Adams v. Hartford Courant & Tribune Co., No. 3:03-CV-0477(JCH), 2004 WL 1091728, at *6 (D.Conn. May 14, 2004). It does, however, require a showing that "the defendant should have realized that its conduct involved an unreasonable risk of causing emotional distress and that that distress, if it were caused might result in illness or bodily harm." Carrol, 262 Conn. at 446 (internal citation omitted).

According to Finkle, Balsamo's negligent infliction of emotional distress claim fails because Finkle, aware that Balsamo had been the Director of Athletics for the East Haven Public Schools for many years, could not have anticipated that her alleged actions would cause a person of ordinary sensibilities to suffer emotional distress. The court finds, however, that, in light of the liberal pleading standard under Rule 8,

5

Balsamo has adequately alleged a claim for negligent infliction of emotional distress.[2]

Finkle's motion to dismiss on this ground is therefore denied.

IV.    **CONCLUSION**

For the foregoing reasons, Finkle's Motion to Dismiss (Doc. No. 35) is DENIED.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 17th day of May, 2007.

          /s/ Janet C. Hall
         Janet C. Hall
         United States District Judge

---

[2] Finkle also argues that the incidents alleged to have occurred in March and April of 2004 are beyond "the two-year statute of limitations for the negligence claim," given that Balsamo filed this suit in July 2006. Def. Mem. at 8 (citing Rivera v. Double A Transportation, Inc., 248 Conn. 21, 31 (1999). This argument is without merit. Connecticut's statute of limitations for injuries caused by negligence gives plaintiffs three years from the date of the act complained of to file such a claim. Conn. Gen. Stat. § 52-584. While plaintiffs alleging negligence have two years "from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered," id., the court is unable to determine from the allegations in the Complaint when this period of limitations began to run.